17 F.3d 1443
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 Raymond Keith FOSTER, Keith Mfg. Co., Inc. and Keith Sales
Co., Plaintiffs-Appellants,
v.
HALLCO MANUFACTURING CO., INC. and Olaf A. Hallstrom,
Defendants/Cross-Appellants.
Raymond Keith FOSTER, Keith Mfg. Co., Inc. and Keith Sales
Co., Plaintiffs/Cross-Appellants,
v.
HALLCO MANUFACTURING CO., INC. and Olaf A. Hallstrom,
Defendants-Appellants.
Raymond Keith FOSTER, Keith Mfg. Co., Inc. and Keith Sales
Co., Plaintiffs-Appellants,
v.
HALLCO MANUFACTURING CO., INC. and Olaf A. Hallstrom,
Defendants/Cross-Appellants.
 Nos. 94-1014, 94-1036, 94-1032, 94-1047, 94-1085 and 94-1105.
 United States Court of Appeals, Federal Circuit.
 Jan. 10, 1994.
 
 Before NEWMAN, Circuit Judge, BENNETT, Senior Circuit Judge, and ARCHER, Circuit Judge.
 ON MOTION
 PAULINE NEWMAN, Circuit Judge.
 
 ORDER
 
 1
 Hallco Manufacturing Co., Inc. et al. move to hold appeal nos. 94-1014, -1036 in abeyance pending the United States District Court for the District of Oregon's disposition of Hallco's Fed.R.Civ.P. 60(b) motion. Raymond Keith Foster et al. oppose and move for leave to file a supplemental response.
 
 
 2
 Foster informs us in its supplemental response that the district court has now issued a minute order denying Hallco's Fed.R.Civ.P. 60(b) motion. Thus, Hallco's motion is moot. However, we, sua sponte, consider whether some of these appeals should be dismissed.
 
 
 3
 Following a jury trial, the district court issued a judgment on April 5, 1993. Foster and Hallco each filed various post-judgment motions. The district court ruled on the various post-judgment motions on different days. It appears that most of the motions were denied. However, the district court apparently granted a motion to amend the judgment or indicated that it would amend the judgment. Accordingly, on November 16, 1993, the district court vacated its April 5, 1993 judgment and issued an amended judgment.
 
 
 4
 Fed.R.App.P. 4(a)(4) provides that, if a timely Fed.R.Civ.P. 59 motion to amend the judgment is filed, the time for appeal for all parties shall run from the entry of the order granting or denying the motion. In this case, the earlier judgment was vacated and an amended judgment was entered on November 16, 1993. The appeals filed in connection with the now-vacated judgment are ineffective and are therefore dismissed. Appeal nos. 94-1085 and 94-1105, the appeal and cross-appeal from the district court's amended judgment, remain. Foster and Hallco, of course, may seek review of any adverse rulings in the context of these appeals.
 
 
 5
 Accordingly,
 
 IT IS ORDERED THAT:
 
 6
 (1) Hallco's motion to hold appeal nos. 94-1014, -1036 in abeyance is moot.
 
 
 7
 (2) Foster's motion for leave to file a supplemental response is granted.
 
 
 8
 (3) Appeal nos. 94-1014, -1032, -1036, -1047 are dismissed as premature.*
 
 
 
 *
 With regard to the briefing schedule, Foster's opening brief in appeal no. 94-1085 is now due in late January. Foster may either inform the clerk's office that it wishes to have the brief filed in appeal no. 94-1014 used as its brief in connection with appeal no. 94-1085 or it may file a new brief